CURTIS L. WOLFER and L. PATRICIA WOLFER, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfer v. Commissioner
Docket No. 2847-74.
United States Tax Court
T.C. Memo 1976-250; 1976 Tax Ct. Memo LEXIS 155; 35 T.C.M. (CCH) 1086; T.C.M. (RIA) 760250; August 11, 1976, Filed Curtis L. Wolfer and L. Patricia (Wolfer) Block, pro se.
Joan B. Alexander, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar years 1970 and 1971 in the amounts of $2,606.36 and $3,785.45, respectively. The only issue for decision is whether petitioners are entitled to claim as a deduction the amounts of $12,114.26 and $14,255.87, or any parts thereof, in the years 1970 and 1971, respectively, as losses sustained by a corporation, Modern Dairy Equipment, Inc. The resolution of this issue is dependent upon whether petitioners filed a proper election for Modern Dairy Equipment, Inc. to have its tax liability computed under the *157 provisions of subchapter S of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners were husband and wife who resided in Freedom, New York at the time of the filing of their petition in this case. Subsequent to the filing of the petition in this case the Wolfers were divorced and at the time of the trial of this case Mrs. L. Patricia Wolfer had remarried and was Mrs. L. Patricia Block. Petitioners filed joint income tax returns for the calendar years 1970 and 1971 with the Internal Revenue Service Center in Andover, Massachusetts. In December 1969 Curtis L. Wolfer (hereinafter referred to as petitioner) formed a corporation, Modern Dairy Equipment, Inc. (hereinafter referred to as Modern Dairy). At the time this corporation was formed petitioner intended that it file an election to be a small business corporation taxable under subchapter S, sections 1371-1379. At the time of the investigation of petitioner's tax liability for the years 1970 and 1971 by an Internal Revenue Service agent there was in petitioner's *158 file a copy of a letter on the letterhead of his accountant addressed to the Internal Revenue Service requesting permission for Modern Dairy to file its tax returns as a small business corporation. The accountant, employed by petitioner for Modern Dairy prepared a Form 1120-S for Modern Dairy for the calendar year 1970 showing a loss of $12,114.26. The same accountant prepared a Form 1120-S for Modern Dairy for the calendar year 1971 showing a loss of $14,255.87. On each of these returns the "Date of election as small business corporation" was shown as "12/69." Petitioners on their joint Federal income tax return for the calendar year 1970 attached a Schedule C, Profit (or Loss) From Business or Profession. This Schedule C showed the business to be farm equipment sales and the name of the business "Modern Dairy." The figures appearing on this Schedule C which resulted in a reported loss of $12,114.26 were the same as those appearing on the Form 1120-S for 1970 prepared by the accountant for Modern Dairy. The loss of $12,114.26 shown on Schedule C of petitioners' 1970 return was used to reduce petitioners' other income reported for that year in arriving at petitioners' taxable *159 income. For the year 1971 petitioners on their joint Federal income tax return showed a loss on line 37, entitled "Pensions and annuities, rents and royalties, partnerships, estates or trusts, etc. (attached Schedule E)," of $14,118.81. Schedule E of this return showed this figure to be arrived at by petitioners' reporting a loss of $14,255.87 from a small business corporation, Modern Dairy, the net amount of $14,118.81 being arrived at by reducing the $14,255.87 loss by $137.06 profit not here in issue. Respondent in his notice of deficiency disallowed petitioners' claimed losses from Modern Dairy in the amounts of $12,114.26 and $14,255.87 for the years 1970 and 1971, respectively, explaining this disallowance as follows: It is determined that the above losses are corporate losses sustained by Modern Dairy Equipment Co., Inc. rather than losses sustained in a sole-proprietorship operated by you. It is further determined that the losses are not allowable as deductions on the Forms 1040 filed by you for 1970 and 1971 under the provisions of Section 1374 of the Internal Revenue Code. * * * OPINION At the trial of this case petitioner offered the *160 testimony of the accountant who had prepared the Forms 1120-S for Modern Dairy for 1970 and 1971. This was the same accountant on whose letterhead the copy of the letter addressed to the Internal Revenue Service with respect to Modern Dairy requesting permission to be taxable under subchapter S was written. This accountant's testimony in substance was that he had prepared the Forms 1120-S returns for 1970 and 1971 for Modern Dairy. He stated that he thought the date he showed on these returns as the date of election as a small business corporation came from the copy of the letter which was in petitioner's file or from some information he obtained from petitioner. He specifically stated that he had no knowledge of whether any election was filed at any time for Modern Dairy to be taxed under the provisions of subchapter S. He also stated that he had no recollection of filing the Forms 1120-S for 1970 or 1971 or mailing those forms to the Internal Revenue Service but merely of preparing the forms. Petitioner testified that he thought that either his attorney or his accountant had filed the election for Modern Dairy to be taxed as a small business corporation under the provisions *161 of subchapter S. Each petitioner specifically denied knowledge of having filed or mailed to the Internal Revenue Service any election of Modern Dairy to be taxed under subchapter S or having mailed any small business tax return Form 1120-S for Modern Dairy to the Internal Revenue Service. A search of the records of the Internal Revenue Service disclosed no record of any election either on Form 2553 or any other form of Modern Dairy to be taxed as a small business corporation having been filed. This search disclosed no record of any corporate returns either on Form 1120-S or on Form 1120 having been filed for Modern Dairy for either the calendar year 1970 or the calendar year 1971. On the basis of the evidence presented in this case we conclude that petitioners have failed to establish that an election was ever filed on behalf of Modern Dairy to be a small business corporation under the provisions of subchapter S. We therefore decide the issue here presented for respondent because of failure on the part of petitioners to sustain their burden of proof. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, unless otherwise stated.↩